GARY M. RESTAINO
United States Attorney
District of Arizona

ADDISON SANTOME
Assistant U.S. Attorney
Arizona State Bar No. 031263
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Addison.Santome@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,

Plaintiff,

vs.

Aaron James Hall,

Defendant.

CR-22-01036-001-PHX-JJT

**UNITED STATES' SENTENCING MEMORANDUM AND RESPONSE TO PRESENTENCE REPORT**

**Sentencing Hearing: 4/13/2023**

The 30-year-old Defendant purchased seven firearms while on a crime spree in three states. For the reasons that follow, and consistent with the recommendation in Presentence Report (Doc. 25.), the United States respectfully recommends that the Court accept the plea agreement and impose ten months incarceration followed by three years of supervised release, as it is sufficient, but not greater than necessary to achieve the purposes of sentencing in this case.

## I. PRESENTENCE REPORT

The government, having reviewed the Final Pretrial Investigation Report (Doc. 25) prepared by Senior U.S. Probation Officer Corinne L. Underwood, concurs with guideline calculation and recommended sentence.

## II. SENTENCE RECOMMENDATION

The Sentencing Guidelines are "the starting point and the initial benchmark" for sentencing. *Gall v. United States*, 552 U.S. 38, 49 (2007). After considering the advisory

range, the "district court should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties." *United States v. Carty,* 520 F.3d 984, 991 (9th Cir. 2008)(en banc). Pursuant to 18 U.S.C. § 3553(a) factors, the Court shall impose a sentence sufficient, but not greater than necessary to comply with the following purposes:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a)(2).

The nature and circumstances of these offenses—False Statement During the Purchase of a Firearm—are serious. 18 U.S.C. § 3553(a)(1). However, unlike most similarly charged cases, the government recognizes that these firearms were ultimately pawned and recovered by law enforcement minimizing the risk to the community.

The history and characteristics of this Defendant suggest he is a further danger. U.S.C. § 3553(a)(1). The Defendant has significant recent criminal violations. Although some of these matters have not yet resolved, the underlying violent and erratic behavior that was the catalyst for these violations appears to remain.

The nature of Defendant's conduct counsels in favor of a sentence that will hopefully serve as an adequate deterrent against further criminal conduct by Defendant. 18 U.S.C. § 3553(a)(2)(B). Defendant's criminal history captures his inability to follow Court orders. He has multiple warrants issued for his failure to appear at Court hearings and charges for violating prior court orders. This behavior counsel in favor of a sentence of incarceration.

The Defendant's need for drug and mental health treatment can be accomplished while he remains on in custody and during his supervised release. U.S.C. § 3553(a)(2)(D). Defendant has suffered from substance abuse for most of his life. It comes with no surprise

that much of his behavior during these offenses was fueled by his addiction. He will need to continue to work towards sobriety and can accomplish that while finishing his term of incarceration and well into his supervised release.

When evaluating all the factors, an incarceration sentence is appropriate, as he has proven through his actions that he is unable to follow the courts directions at this time. A term of ten months incarceration followed by three years of supervised release is appropriate.

## III. CONCLUSION

Based on the foregoing and considering the sentencing factors set out in 18 U.S.C. § 3553(a), the United States recommends that Defendant be sentenced to 10 months in the Bureau of Prisons followed by three years of probation.

Respectfully submitted this 11th day of April, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Addison Santome*
ADDISON SANTOME
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of April, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing sealed documents, and that true and accurate copies have been transmitted electronically to the following recipient:

Zachary Cain
*Attorney for Defendant*

*s/ Addison Santome*
United States Attorney's Office